UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NYCOMED GmbH and WYETH,<br><br>  Plaintiffs,<br><br>v.<br><br>SANDOZ INC.,<br><br>  Defendant. | Civil Action No. 08-cv-2871 NF<br><br>Judge Matthew F. Kennelly<br><br>Magistrate Judge Nan R. Nolan<br><br>**Filed Electronically** |

# REPLY TO SANDOZ INC.'S COUNTERCLAIMS

Plaintiffs Nycomed GmbH and Wyeth (collectively, "Plaintiffs") hereby reply to the Counterclaims of Sandoz Inc.("Sandoz"), dated July 21, 2008, for which every allegation not expressly admitted is denied.

To the extent any of paragraphs 1-21 of Sandoz's Answer are determined in whole or in part to state counterclaims or the basis for counterclaims, Plaintiffs incorporate by reference paragraphs 1-21 of their Complaint, and deny each and every additional averment contrary to the averments in Plaintiffs' Complaint contained in Sandoz's paragraphs 1-21.

To the extent any of Sandoz's denials and affirmative defenses are determined to state counterclaims, each and every one of the averments therein is denied.

**Jurisdiction and Venue**

1. These counterclaims arise under Article I, § 8, cl. 8, of the United States Constitution and the Patent Act of 1952, 35 U.S.C. § 1 *et seq.* Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201, and 2202.

**Answer:** Plaintiffs admit that Sandoz in paragraph 1 of the Counterclaims purports to claim jurisdiction under various sections of Title 28 of the United States Code. The remaining allegations contained in paragraph 1 of the Counterclaims constitute a legal conclusion to which no response is required. To the extent that paragraph 1 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 1 of the Counterclaims.

2. Nycomed asserts that it is a corporation organized under the laws of Germany, having its principal place of business at Byk-Gulden-Str. 2, 78467 Konstanz, Germany.

**Answer:** Admitted.

3. Wyeth asserts that it is a corporation organized under the laws of the State of Delaware, having its principal place of business at Five Giralda Farms, Madison, New Jersey 07940.

**Answer:** Plaintiffs admit that Wyeth is a Delaware corporation with offices at Five Giralda Farms, Madison, NJ 07940. The remaining allegations contained in paragraph 3 of the Counterclaims constitute a legal conclusion to which no response is required. To the extent that paragraph 3 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 3 of the Counterclaims.

4. Sandoz Inc. is a corporation organized and existing under the laws of the State of Colorado having its principal place of business at 506 Carnegie Center, Suite 400, Princeton, New Jersey 08540.

**Answer:** Plaintiffs are without sufficient knowledge to either admit or deny the allegations of paragraph 4 of the Counterclaims and therefore deny the allegations.

5. Nycomed asserts that it is the owner of the '881 patent.

**Answer**:  Admitted.

6. Wyeth asserts that it is the exclusive licensee of the '881 patent in the United States.

**Answer:**  Admitted.

7. Wyeth asserts that Wyeth Pharmaceuticals Inc., a wholly-owned subsidiary of Wyeth, is the holder of NDA No. 20-988, by which the United States Food & Drug Administration ("FDA") granted approval for pantoprazole sodium injection 40 mg, which is marketed and sold by Wyeth and Nycomed under the trade name PROTONIX® I.V.

**Answer:**  Plaintiffs admit that Wyeth Pharmaceuticals, Inc., a wholly owned subsidiary of Wyeth, holds an approved New Drug Application, NDA No. 20-988, from the FDA for pantoprazole sodium injection 40 mg, which is promoted in the United States under the trade name PROTONIX® I.V.  Except as admitted, Plaintiffs deny the allegations of paragraph 7 of the Counterclaims.

8. Nycomed and Wyeth have charged Sandoz Inc. with infringing the '881 patent.  This charge created an actual controversy within the meaning of 28 U.S.C. § 2201, between Nycomed/Wyeth and Sandoz over the validity, enforceability, and infringement of the '881 patent.

**Answer:**  Plaintiffs admit that it has filed this action against Sandoz alleging, *inter alia*, infringement of the '881 patent under 35 U.S.C. § 271(e).  The remaining allegations contained in paragraph 8 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 8 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 8 of the Counterclaims.

9. This Court may declare the rights and legal relations of the parties pursuant to Sections 2201 and 2202 of Title 28 of the United States Code, because Sandoz

3

Inc.'s counterclaims present an actual controversy within the Court's jurisdiction that the patent asserted by Nycomed/Wyeth against Sandoz Inc. is not infringed, is invalid, and/or is unenforceable.

**Answer:** The allegations contained in paragraph 9 of the Counterclaims constitute a legal conclusion to which no response is required. To the extent that paragraph 9 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 9 of the Counterclaims.

10. Venue for these Counterclaims is proper within this District pursuant to one or more of the following statutes: 28 U.S.C. § 1391 and 15 U.S.C. § 15 or 15 U.S.C. § 22.

**Answer:** Plaintiffs' admit that for the purpose of this litigation only, venue is proper in this District.

## Background

11. FDA law requires an NDA applicant, such as Nycomed/Wyeth, to file with the FDA, the patent number and expiration date of any patent that "claims the drug for which the applicant submitted the application . . . and with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug." 21 U.S.C. § 355(b)(1). "[T]he applicant shall submit information only on those patents that claim a drug product, as is defined in § 314.3, that is described in the pending or approved application," according to pertinent FDA regulations. 21 C.F.R. § 314.53(b)(1).

**Answer:** The allegations contained in paragraph 11 of the Counterclaims constitute a legal conclusion to which no response is required. To the extent that paragraph 11 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 11 of the Counterclaims.

12. Upon approval, the NDA applicant "shall submit FDA Form 3542 for each patent that claims the . . . drug product (formulation and composition)" and thereby identify patents that claim the drug product as actually approved. *See* 21 C.F.R. § 314.53(c)(2)(ii).

**Answer:** The allegations contained in paragraph 12 of the Counterclaims constitute a legal conclusion to which no response is required. To the extent that paragraph 12 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 12 of the Counterclaims.

13. The FDA then publishes the identified patents for the approved drug product in the Orange Book. 21 C.F.R. §§ 314.3, 314.53(e).

**Answer:** Plaintiffs admit that the FDA issues a publication commonly known as the Orange Book in which it lists patents for approved drug products. Except as admitted, Plaintiffs deny the allegations of paragraph 13 of the Counterclaims.

14. NDA applicants have a strong incentive to list patents in the Orange Book. Such listings can be used to prevent the FDA from approving an ANDA application for 30 months absent certain exceptions. *See* 21 U.S.C. § 355(j)(5)(B)(iii).

**Answer:** The allegations contained in paragraph 14 of the Counterclaims constitute a legal conclusion to which no response is required. To the extent that paragraph 14 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 14 of the Counterclaims.

15. Nycomed/Wyeth has filed the '881 patent with the FDA, thereby causing the '881 patent to be listed in the Orange Book in connection with its NDA No. 20-988. *See*http://www.accessdata.fda.gov/scripts/cder/ob/docs/patexclnew.cfm?Appl_No =020988&Product_No=001&table1=OB_Rx.).

**Answer:** Plaintiffs admit that the '881 patent is listed in the Orange Book in connection with NDA No. 20-988. Except as admitted, Plaintiffs deny the allegations of paragraph 15 of the Counterclaims.

## COUNT 1
**(Declaratory Judgment to Delist U.S. Patent No. 6,780,881 B2 from the Orange Book)**

16. Sandoz Inc. realleges and incorporates by reference paragraphs 1 through 15 of these Counterclaims.

**Answer:** In response to the allegations contained in paragraph 16 of the counterclaims Plaintiffs reallege each reply to each allegation of paragraphs 1-15 of the Counterclaims as if set forth specifically here verbatim.

17. This Counterclaim arises under 21 U.S.C. § 355(j)(5)(C)(ii).

**Answer:** The allegations contained in paragraph 17 of the Counterclaims constitute a legal conclusion to which no response is required. To the extent that paragraph 17 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 17 of the Counterclaims.

18. On information and belief, the '881 patent does not claim the drug for which NDA No. 20-988 was approved.

**Answer:** Denied.

19. The listing of the '881 patent in the Orange Book in connection with the pantoprazole sodium injection 40 mg drug product approved in NDA 20-988 is improper because it does not comply with 21 U.S.C. § 355(b)(1).

**Answer:** Denied.

20. Sandoz Inc. is the owner of ANDA 90-296 for a pantoprazole sodium injection 40 mg drug product for which the reference listed drug is pantoprazole sodium injection 40 mg, which is the subject of NDA 20-988.

**Answer:** Plaintiffs are without sufficient knowledge to either admit or deny the allegations of paragraph 20 of the Counterclaims and therefore deny the allegations.

21. In accordance with 21 U.S.C. § 355(j)(5)(B)(iii), the FDA will not approve Sandoz Inc.'s ANDA before October 2010, approximately thirty months from

6

Sandoz Inc.'s April 3, 2008 notice letter, unless this suit is resolved before that date.

**Answer:** Plaintiffs are without sufficient knowledge to either admit or deny the allegations of paragraph 21 of the Counterclaims and therefore deny the allegations.

22. Sandoz Inc. believes that its ANDA will be approvable but for the resolution of this suit prior to October 2010.

**Answer:** Plaintiffs are without sufficient knowledge to either admit or deny the allegations of paragraph 22 of the Counterclaims and therefore deny the allegations.

23. Sandoz Inc. will be harmed unless the listing of the '881 patent in connection with Wyeth's NDA No. 20-988 for pantoprazole sodium injection 40 mg drug product is removed.

**Answer:** Denied.

24. Sandoz Inc. is entitled to a judicial declaration that the '881 patent must be delisted from the Orange Book.

**Answer:** Denied.

25. This Court lacks subject matter jurisdiction because there has been no act of infringement under 35 U.S.C. § 271(e)(2).

**Answer:** Denied.

## COUNT 2
### (False Marking)

26. Sandoz Inc. realleges and incorporates by reference paragraphs 1 through 25 of these Counterclaims.

**Answer:** In response to the allegations contained in paragraph 26 of the counterclaims Plaintiffs reallege each reply to each allegation of paragraphs 1-25 of the Counterclaims as if set forth specifically here verbatim.

27. This Counterclaim arises under 35 U.S.C. § 292 for false patent marking.

**Answer:** The allegations contained in paragraph 27 of the Counterclaims constitute a legal conclusion to which no response is required. To the extent that paragraph 27 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 27 of the Counterclaims.

28. Nycomed/Wyeth marks its Prescribing Information for PROTONIX® I.V. with the '881 patent. *See* http://www.wyeth.com/content/showlabeling.asp?id=469. Upon information and belief, Nycomed/Wyeth marks its insert label for PROTONIX® I.V., an injectable pantoprazole sodium IV drug product, with the '881 patent.

**Answer:** Plaintiffs admits that the prescribing information and insert label for Protonix® I.V. identifies the '881 patent. The remaining allegations contained in paragraph 28 of the Counterclaims constitute a legal conclusion to which no response is required. To the extent that paragraph 28 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 28 of the Counterclaims.

29. Upon information and belief, the '881 patent does not claim the drug product marketed as PROTONIX® I.V., and at least since Nycomed's/Wyeth's receipt of Sandoz's ANDA No. 90-296, Nycomed/Wyeth cannot have any reasonable belief that PROTONIX® I.V. is currently covered by the claims of the '881 patent.

**Answer:** Denied.

30. Nycomed/Wyeth has, on information and belief, "falsely marked" its PROTONIX® I.V. product, with the intent to deceive the public, in violation of 35 U.S.C. § 292, at least since Nycomed's/Wyeth's receipt of Sandoz's ANDA No. 90-296.

**Answer:** Denied.

31. The online display of the Prescribing Information containing the '881 patent and each insert label containing or displaying the '881 patent, as described herein

and/or as will be later identified, should be construed as a separate "offense" pursuant to 35 U.S.C. § 292(a).

**Answer:** Denied.

32. Sandoz Inc. seeks $500 (half to be paid to the United States) for each and every such offense of false marking, including but not limited to $500 (half to be paid to the United States) for each and every sale of PROTONIX I.V. sold with the insert label containing or displaying the '881 patent after Nycomed's/Wyeth's receipt of Sandoz's ANDA No. 90-296.

**Answer:** Plaintiffs deny that Sandoz Inc. is entitled to the relief requested in paragraph 32 of the Counterclaims.

## COUNT 3
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,780,881)**

33. Sandoz Inc. realleges and incorporates by reference paragraphs 1 through 15 of these Counterclaims.

**Answer:** In response to the allegations contained in paragraph 33 of the counterclaims Plaintiffs reallege each reply to each allegation of paragraphs 1-15 of the Counterclaims as if set forth specifically here verbatim.

34. The manufacture, use, sale, offer for sale, or importation of Sandoz Inc.'s Pantoprazole Sodium for Injection 40 mg product, which is the subject of ANDA No. 90-296, has not infringed, does not infringe, and will not infringe any valid and/or enforceable claim of the '881 patent.

**Answer:** Denied.

35. Sandoz Inc. is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of Sandoz Inc.'s Pantoprazole Sodium for Injection 40 mg product, which is the subject of ANDA No. 90-296, has not infringed, does not infringe, and will not infringe any valid and/or enforceable claim of the '881 patent.

**Answer:** Denied.

## COUNT 4
### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,780,881)

36. Sandoz Inc. realleges and incorporates by reference paragraphs 1 through 10 of these Counterclaims.

**Answer:** In response to the allegations contained in paragraph 36 of the counterclaims Plaintiffs reallege each reply to each allegation of paragraphs 1-10 of the Counterclaims as if set forth specifically here verbatim.

37. The claims of the '881 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, 112.

**Answer:** Denied.

38. Sandoz Inc. is entitled to a declaration that the claims of the '881 patent are invalid.

**Answer:** Denied.

Responding to Sandoz's Request for Relief, Plaintiffs deny that Sandoz is entitled to any relief whatsoever, whether as requested or otherwise. Plaintiffs respectfully request judgment in their favor and against Sandoz on Counts 1 through 4 of Sandoz's Counterclaims, including costs, fees, and whatever other relief the Court deems appropriate.

Dated: August 14, 2008

/s/ James B. Coughlan
James B. Coughlan
Paul, Hastings, Janofsky & Walker LLP
191 North Wacker Drive, 30th floor
Chicago, IL 60606
(312) 499-6018

Joseph M. O'Malley, Jr.
Bruce M. Wexler
Eric W. Dittmann
Isaac S. Ashkenazi
William D. Young
Paul, Hastings, Janofsky & Walker LLP

75 East 55th Street
New York, New York 10022
(212) 318-6000

Lawrence J. Gotts
Aslan Baghdadi
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
(202) 551-1700

*Attorneys for Plaintiffs*
*Nycomed GmbH and Wyeth*

11